UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| H. JAMES BUSENBARK,<br>VICKIE L. BUSENBARK,<br>JIM BUSENBARK CORP. an Indiana corporation,<br>BUSENBARK FAMILY FARMS I, LLC an Indiana Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>PANHANDLE EASTERN PIPE LINE CO. a Delaware Limited Partnership,<br><br>Defendant. | No. 1:13-cv-01663-WTL-MJD |

**ORDER ON PLAINTIFFS' MOTION TO FILE BRIEF UNDER SEAL**

This matter comes before the Court on Plaintiffs' Motion to File Brief Under Seal. [Dkt. 42.] For the following reasons, the Court **DENIES** Plaintiff's Motion.

**I.     Background**

On January 21, 2014, James Busenbark, Vickie Busenbark, Jim Busenbark Corp., and Busenmark Family Farms ("Plaintiffs") entered into a settlement agreement with Panhandle Eastern Pipe Line ("Defendant"). [Dkt. 40 at 1.] On June 16, 2014, Plaintiffs moved this Court to enforce the settlement agreement by ordering payment of all amounts due under the agreement and by dismissing all claims with prejudice. [*Id.*] Plaintiffs submitted a sealed brief in support of their motion to enforce the agreement, [Dkt. 41], and now, in the current motion, ask the Court to maintain this brief under seal.

1

## II. Legal Standard

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

## III. Discussion

Plaintiffs' motion does not meet the standard set forth above. The motion cites only Local Alternative Dispute Resolution Rule 2.6(e), which provides that a settlement agreement reached during mediation shall not be filed with the court without the consent of all parties. S.D. Ind. Local A.D.R. Rule 2.6(e)(2). Plaintiffs note that Defendant has consented to filing the settlement agreement, [Dkt. 42 at 1], and conclude that they may file their brief arguing for enforcement of the agreement under seal. [*Id.* at 2.]

This is not the case. Local ADR Rule 2.6 says nothing about filing the settlement agreement under seal; instead, it provides only for the mediator to submit to the Court a sealed

"report of mediation status." S.D. Ind. Local A.D.R. Rule 2.6(e). Thus, the rule does not support Plaintiffs' proposition. In the absence of any other citations to rules, case law, or statutes, Plaintiffs' motion fails to set forth the sort of analysis required to justify sealed filing under *Baxter*. 297 F.3d at 548.

Further, the Seventh Circuit is clear that settlement agreements in and of themselves are not entitled to special protection from public inspection: "A settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential." *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002).

Plaintiffs in this case have specifically asked the Court to enforce the settlement agreement, [Dkt. 40], and have quoted it at length in asking the Court to adopt their interpretation of the agreement. [*See, e.g.*, Dkt. 41 at 20-21.] Because Plaintiffs have not argued that the agreement contains "trade secrets" or other legitimately confidential information, *Herrnreiter*, 281 F.3d at 636, it is therefore part of the public record. The Court thus **DENIES** Plaintiffs' motion.

## IV.    Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to File Brief Under Seal. [Dkt. 42.] The Clerk is directed to unseal Plaintiff's Brief in Support of Motion to Enforce Settlement Agreement and the accompanying exhibits. [Dkt. 41.]

Date:  10/14/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

Nels John Ackerson
ACKERSON KAUFFMAN FEX PC
nels@ackersonlaw.com

Jessica Whelan
BINGHAM GREENEBAUM DOLL LLP
jwhelan@bgdlegal.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Ryan John Vershay
LEWIS WAGNER LLP
rvershay@lewiswagner.com

Thomas A. Withrow
LEWIS WAGNER LLP
twithrow@lewiswagner.com

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Brad A. Catlin
PRICE WAICUKAUSKI & RILEY
bcatlin@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com