UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| H. JAMES BUSENBARK,<br>VICKIE L. BUSENBARK,<br>JIM BUSENBARK CORP. an Indiana corporation,<br>BUSENBARK FAMILY FARMS I, LLC an Indiana Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>PANHANDLE EASTERN PIPE LINE CO. a Delaware Limited Partnership,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:13-cv-01663-WTL-MJD |

**ORDER ON MOTION FOR LEAVE TO FILE AMICUS BRIEF**

This matter comes before the Court on Amicus Indiana Agricultural Law Foundation, Inc.'s (IALF) Motion for Leave to File Brief of Amicus Curiae in support of Plaintiffs' pending Motion to Enforce Settlement Agreement. [Dkt. 60.] For the following reasons, IALF's motion is **DENIED**.

**I.  Background**

On October 18, 2013, H. James Busenbark, Vickie L. Busenbark, Jim Busenbark Corp., and Busenbark Family Farms I, LLC ("Plaintiffs") filed this suit against the Panhandle Eastern Pipe Line Co. ("Defendant"), alleging that Defendant seized and forcefully maintained dominion and control over a portion of Plaintiffs' property, in knowing violation of the law, and threatened Plaintiffs with criminal and civil prosecution. [Dlt. 1 at 2-3.] In response, Defendant raised a

1

Counterclaim for Condemnation, alleging that, as the holder of a Federal Energy Regulatory Commission (FERC) certificate of public convenience and necessity regarding its pipeline system for the delivery of natural gas, Defendant may acquire the real estate in question through eminent domain. [Dkt. 16 at 17-18.]

In January of 2014, the parties purported to have reached a settlement under the supervision of mediator John Van Winkle, which was reported to the Court. [Dkt. 41 at 3.] Accordingly, the Court denied all pending motions as moot, vacated all set deadlines and scheduled conferences, and ordered that counsel file a voluntary motion to dismiss the cause or stipulated dismissal within thirty days of the date of the Court's order. [Dkt. 19.] After several motions for extension of time, which were granted by the Court, Defendant informed the Plaintiffs of a "surprise" from a surveyor—that there was a flaw in the legal description of some of the property at issue. [Dkt. 41 at 8.] Specifically, Defendant alleges that it already owns a portion of the real estate in question and that the settlement reached by the parties is unenforceable because of the mutual mistake. [*Id.* at 9.] The Defendant accordingly moved to amend/correct its answer and counterclaim to reflect this discovery. [Dkts. 36, 39.]

Meanwhile, Plaintiffs maintain that the settlement remains enforceable, moving for the Court to enforce the settlement agreement on the basis that Defendant should be barred from claiming mutual mistake due to ownership of a portion of the land that it has failed to claim as its own in the forty-four years since the mistake was made in 1970. [*See* Dkt. 41.] In September of 2014, IALF filed appearances in the matter as Amicus Curiae and moved for leave to file a brief in support of Plaintiffs' motion to enforcement settlement agreement. [Dkt. 60.] The Court initially granted IALF's motion, but Defendant moved for reconsideration, which the Court granted, and IALF's motion was reinstated. [Dkts. 67, 69, 70.] Upon considering Defendant's

brief in opposition to IALF's motion as well as IALF's reply, the Motion for Leave to File Brief of Amicus Curiae is now, once again, before the Court.

## II. Discussion

The Federal Rules of Civil Procedure do not contemplate the submission of briefing by an amicus curiae. *McCarthy v. Fuller*, No. 1:08-CV-994-WTL-DML, 2012 WL 1067863, at *1 (S.D. Ind. Mar. 29, 2012). Upon the rare occasion of such participation on the district court level, courts look to the principles used in implementing Rule 29 of the Federal Rules of Appellate Procedure. *Id.* Within the Seventh Circuit, a court should only grant permission to file an amicus brief when "(1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (citing to *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063-64 (7th Cir. 1997)).

In setting this standard, the Seventh Circuit cautioned that "we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need," as an amicus curiae is, by definition, a friend of the *court*—not a position to be abused as an opportunity to essentially extend the length of the litigant's brief. *Ryan*, 125 F.3d at 1063-64. An amicus brief may meet this heightened when "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). That being said, a brief that presents a few new citations and

slightly more analysis but essentially covers the same ground as the parties' briefs is not sufficiently unique to meet the Seventh Circuit standard. *Id.* In the end, the decision to allow the filing of an amicus brief is "a matter of judicial grace." *Id.* (internal quotations omitted).

Here, IALF concedes that only the third scenario permitting the filing of an amicus brief is applicable in this situation and asserts that it "has a unique perspective, or information, that can assist the [court] beyond what the parties are able to do." [Dkt. 76 at 2 (quoting *Nat'l Org. for Women, Inc.*, 223 F.3d at 617).] The Court agrees that some of the information is certainly "unique" as compared to the material presented in Plaintiffs' briefs, as IALF's brief outlines Indiana law regarding the respectfulness of long-established boundaries and the favorability of alternative dispute resolution. However, information in amicus briefs must not only be unique but must also assist the court in making its decision on the issues before it. *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004) ("The Seventh Circuit has cautioned against amicus briefs that do not **assist the judge** . . ."). While IALF has proposed a submission that arguably asserts "a unique perspective and information" [Dkt. 76 at 1], the policy contained in its brief that is unique as compared to Plaintiffs' briefing—that Indiana law favors the recognition of long-established boundaries and favors the efficient resolution of disputes—is not news to the Court, nor do these policies apply uniquely to farmers and the agricultural community. Accordingly, IALF has not presented the Court with material so unique and informative that it meets the Seventh Circuit's strict standard for the permissible filing of amicus briefs.

### III. Conclusion

For the aforementioned reasons, the Court hereby **DENIES** Indiana Agricultural Law Foundation's Motion for Leave to File Brief of Amicus Curiae. [Dkt. 60.] Accordingly, the

4

Clerk of the Court is ordered to **STRIKE** from the record Docket Entry 68 (Brief of the Amicus Curiae, which was properly filed in response to Court's Order dated October 3, 2014 but has now been vacated).

Date: 10/31/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nels John Ackerson
ACKERSON KAUFFMAN FEX PC
nels@ackersonlaw.com

Jessica Whelan
BINGHAM GREENEBAUM DOLL LLP
jwhelan@bgdlegal.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com

Ryan John Vershay
LEWIS WAGNER LLP
rvershay@lewiswagner.com

Thomas A. Withrow
LEWIS WAGNER LLP
twithrow@lewiswagner.com

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Brad A. Catlin
PRICE WAICUKAUSKI & RILEY
bcatlin@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com