UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| H. JAMES BUSENBARK, <br> VICKIE L. BUSENBARK, <br> JIM BUSENBARK CORP. an Indiana corporation, <br> BUSENBARK FAMILY FARMS I, LLC an Indiana Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> PANHANDLE EASTERN PIPE LINE CO. a Delaware Limited Partnership, <br><br> Defendant. | No. 1:13-cv-01663-WTL-MJD |

**ORDER ON MOTION TO STRIKE**

This matter comes before the Court on Panhandle Eastern Pipe Line Company's ("Defendant") Motion to Strike. [Dkt. 81.] For the following reasons, the Court **DENIES** Defendant's motion.

**I. Background**

On October 18, 2013, H. James Busenbark, Vickie L. Busenbark, Jim Busenbark Corporation, and Busenbark Family Farms I, LLC ("Plaintiffs") filed this suit alleging that the Defendant seized and forcefully maintained dominion and control over a portion of Plaintiffs' property, in knowing violation of the law, and threatened Plaintiffs with criminal and civil prosecution. [Dkt. 1 at 2-3.] In response, Defendant raised a Counterclaim for Condemnation, alleging that, as the holder of a Federal Energy Regulatory Commission (FERC) certificate of public convenience and in light of the necessity of its pipeline system for the delivery of natural

1

gas, Defendant may acquire the real estate in question through eminent domain. [Dkt. 16 at 17-18.]

In January of 2014, the parties purported to have reached a settlement under the supervision of mediator John Van Winkle, which was reported to the Court. [Dkt. 41 at 3.] Accordingly, the Court denied all pending motions as moot, vacated all set deadlines and scheduled conferences, and ordered that counsel file a voluntary motion to dismiss the cause or stipulated dismissal within thirty days of the date of the Court's order. [Dkt. 19.] After several motions for extension of time, which were granted by the Court, Defendant informed the Plaintiffs of a "surprise" from a surveyor—that there was a flaw in the legal description of some of the property at issue that stemmed back to the 1970 deed. [Dkt. 41 at 8.] Specifically, Defendant alleges that it already owns a portion of the real estate in question and that the settlement reached by the parties is unenforceable because of the mutual mistake. [Id. at 9.] The Defendant accordingly moved to amend/correct its answer and counterclaim to reflect this discovery. [Dkt. 36; Dkt. 39.]

Meanwhile, Plaintiffs maintain that the settlement remains enforceable, moving for the Court to enforce the settlement agreement on the basis that the Defendant should be barred from claiming mutual mistake regarding ownership of a portion of the land that it has failed to claim as its own in the forty-four years since the mistake was made in 1970. [See Dkt. 41.] Defendant made its response in opposition, to which Plaintiffs dutifully replied, attaching a "Declaration of Greg Williams," professional surveyor, to their reply brief. [Dkts. 64, 72, 72-2.] Asserting that this Declaration is new evidence, akin to an expert report, Defendant moved for leave to file a surreply, within which motion Defendant improperly moved to strike paragraphs 8 through 11 of the Declaration. [Dkt. 75.] The Court granted the Defendant's motion for leave to file a

2

surreply, ordering Defendant to file any motion to strike separately, pursuant to Local Rule 7-1. [Dkt. 79.] Accordingly, the Defendant filed a motion to strike paragraphs 8 through 11 of Greg Williams's Declaration, which motion is now before the Court. [Dkt. 81.]

## II. Discussion

In short, Defendant bases its motion to strike on the assertions that paragraphs 8 through 11 of the Declaration in question are essentially (1) an untimely export report or supplement thereto, which (2) was improperly used by Plaintiffs in rebuttal. [Dkt. 81.] Rule 26 of the Federal Rules of Civil Procedure governs the first issue of whether or not such an expert report is untimely. When one party discloses to another a witness who is retained to provide expert testimony, the disclosure must be accompanied by a written expert report. Fed. R. Civ. P. 26(a)(2)(B). When the Court has not set a deadline for such a disclosure, the party wishing to rely on such testimony must make a Rule 26 disclosure at least 90 days before the date set for trial **or** within 30 days of the disclosure of another party in the event that the evidence is intended to rebut a line of testimony disclosed by that other party. Fed. R. Civ. P. 26 (a)(2)(D).

Because the parties informed the Court that the case had settled in January of 2014, there was no longer a deadline set for expert witness disclosure nor a trial date scheduled, so the information in question is clearly not untimely due to violation of a court order or the 90-day requirement. Additionally, in its motion to strike, Defendant does not assert that the affidavit of its surveyor, Gary Kent, or the accompanying survey, which testimony Plaintiffs' purport to rebut, were Rule 26 expert report(s). [*See* Dkt. 81.] Thus, having failed to present evidence that it first made a Rule 26 disclosure, the Defendant cannot successfully assert that the Declaration of Greg Williams was a rebuttal disclosure that needed to comply with the Rule 26 requirements.

3

Whether the disclosures of the two surveys and their accompanying affidavit and Declaration qualify as Rule 26 disclosures is a moot issue, however, as the Court's corrected order setting an evidentiary hearing on Plaintiffs' motion to enforce ordered the parties to "identify any witnesses who may be offered at the hearing to present evidence under Federal Rules of Evidence 702, 703 or 705, and for each such witness identified provide to opposing counsel the report or disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C) as appropriate" by December 10, 2014. [Dkt. 83.] Thus, since the Rule 26 deadlines only apply "[a]bsent a stipulation or court order," the Court's scheduling order set such a deadline. Fed. R. Civ. P. 26(a)(2)(D). Since this deadline has not yet passed and there is no evidence that Mr. Williams' survey itself (first filed by **Defendant** in its response to Plaintiffs' motion to enforce) qualifies as a Rule 26 expert report, the Declaration is not an improper expert report nor an improper supplement to an expert report, and the undersigned trusts that both parties will make their disclosures pursuant to Rule 26 as ordered.

As for Defendant's remaining argument, the Court has already addressed the issue of whether the Declaration was improperly used as new evidence introduced in rebuttal upon addressing Defendant's motion for leave to file a surreply. [*See* Dkt. 79.] First, it is clear within the Seventh Circuit that "motions to strike generally are disfavored." *Olson v. McGinnis*, 986 F.2d 1424 (7th Cir. 1993). After acknowledging that "it is appropriate that Defendant be given the opportunity to address the new materials that Plaintiffs submitted along with their reply brief in support of their motion to enforce the settlement agreement," the Court granted Defendant's motion for leave to file a surreply [*id.* at 3], which Defendant dutifully filed [Dkt. 80.] In light of the fact that the Defendant has been given the proper opportunity to reply to Plaintiffs' Declaration in its surreply to Plaintiffs' motion to enforce the settlement agreement, any

impropriety of Plaintiffs' having used the Declaration to introduce new evidence in a reply brief has been resolved, and the Court will not strike any portion of Plaintiffs' Declaration.

### III. Conclusion

For the aforementioned reasons, the Court hereby **DENIES** Defendant Panhandle's Motion to Strike. [Dkt. 81.]

Date: 12/08/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nels John Ackerson
ACKERSON KAUFFMAN FEX PC
nels@ackersonlaw.com

Jessica Whelan
BINGHAM GREENEBAUM DOLL LLP
jwhelan@bgdlegal.com

Wayne C. Turner
BINGHAM GREENEBAUM DOLL LLP
wturner@bgdlegal.com

Ryan John Vershay
LEWIS WAGNER LLP
rvershay@lewiswagner.com

Thomas A. Withrow
LEWIS WAGNER LLP
twithrow@lewiswagner.com

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Brad A. Catlin
PRICE WAICUKAUSKI & RILEY
bcatlin@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com